Félix Rodríguez, Plaintiff and Appellee, v. Elvira Soto de Rivas, Defendant and Appellant; José Rodríguez, Defendant.

No. 5530.   Argued June 30, 1931.—Decided August 1, 1931.

Antonio L. López for appellant.   Angel M. Villamil for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

A suit was begun in the Municipal Court of Caguas by Félix Rodríguez, claimant (tercerista), against José Rodríguez and Elvira Soto, to recover one-half of a piece of property. The complaint recited, as a reason for this proceeding in reclamation (tercería), that the said Elvira Soto had begun a suit against the said José Rodríguez, had attached and the marshal was about to sell as belonging to said José Rodríguez, half of a piece of property, the title and possession of which resided in the said claimant. On appeal after a trial de novo, the district court decided in favor of the claimant.

The defense set up by the appellant, Elvira Soto, was that the deeds under which the claimant seeks to derive his title were fraudulent, inasmuch as at the time of their execution, José Rodríguez, under whom Félix Rodríguez claimed, was already the subject of a suit by the said appellant, Elvira Soto. Section 1264 of the Civil Code was invoked. It provides:

"Contracts by virtue of which the debtor alienates property, for a good consideration (without consideration?), are presumed to be executed in fraud of creditors.

"Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure of property has been issued, shall also be presumed fraudulent."

The court held that under said section an adverse judgment must be shown and that no such showing was made; nor even that due attachment had issued against the property.

The appellant also set up the insufficiency of the deeds because the notary did not certify (*dar fe*) that the price had been paid. The deed in question did recite that the vendors had received $450 before the execution of the deed and $150 at the time of the execution. The court evidently thought that the deed could not then be considered fraudulent for lack of a certificate, especially as other persons appeared in the deed as vendors and the portion of the price paid to each could not be determined.

There was also, as held by the court, a mediate purchaser who was not made a party to the suit by Elvira Soto. It was this intermediary who sold to the appellee and the date of his deed with respect to any judgment could not be determined; nor yet that José Rodríguez owed anything at the time of the execution of the deed of which complaint is made.

The appellant does not convince us that the court was mistaken in any of these positions. Under section 1264 the

existence of a debt is an indispensable prerequisite and we find nothing to the contrary in the cited cases.

There is nothing to prove that Félix Rodríguez who made the purchase committed any fraud. The presumption of fraud was rebutted by the subsequent purchase, if not by all the other circumstantial evidence.

The record of a lien or an attachment in the registry was no obstacle to proving the deed not recorded. Such a record or annotation is only a preference or a notice.

We see no reason for disturbing the pronouncement of costs, and the judgment should be affirmed.

The Chief Justice and Mr. Justice Texidor took no part in the decision of this case.